UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ISRAEL SANCHEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SAN DIEGO DISTRICT ATTORNEY,<br><br>　　　　　　　　　　Respondent. | Case No.: 25cv2335 WQH (DEB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

HAYES, Judge:

　　On July 25, 2025, Petitioner Josue Israel Sanchez ("Petitioner"), a state inmate proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Ninth Circuit Court of Appeals.[1] (ECF No. 1.) Petitioner subsequently filed a motion to appoint counsel in the Ninth Circuit. (ECF No. 2.) On September 8, 2025, the Ninth Circuit issued an Order directing the transfer of the instant habeas Petition and motion to this Court "for whatever consideration that court deems appropriate," citing Fed.

---

[1] While the instant Petition was transferred to this district after being initially sent to and filed in the Ninth Circuit (*see* ECF Nos. 1 at 9, 1-2 at 1-2), the Court notes Petitioner has captioned the Petition form to the San Diego Superior Court, North County. (*See* ECF No. 1 at 1.) That said, the Court will construe the Petition as one intended for filing in this Court as a federal habeas petition filed under 28 U.S.C. § 2254, as it has been docketed.

1

25cv2335 WQH (DEB)

R. App. P. 22(a) and 28 U.S.C. §§ 1631, 2241(b), and stated that: "This transfer order is issued without regard to whether petitioner's claims have any merit or satisfy the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." (ECF No. 1-2 at 1-2.) The Ninth Circuit also directed that: "The petition is deemed filed on July 25, 2025, the date it was delivered to prison authorities for forwarding to this court." (*Id.* at 1-2, citing Fed. R. App. P. 4(c)(1) and *Houston v. Lack*, 487 U.S. 266, 270 (1988).) On September 2, 2025, the instant case was opened as directed. *See generally docket*. For the reasons discussed below, the Court dismisses the case without prejudice and denies the motion to appoint counsel without prejudice.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. The Court cannot proceed until Petitioner has either paid the $5.00 filing fee or has qualified to proceed in forma pauperis. *See* R. 3(a), Rules Governing Section 2254 Cases (2019). As such, the instant case is subject to dismissal for failure to satisfy the filing fee requirement.

## FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), 28 U.S.C. foll. § 2254 advisory committee's note.

Here, Petitioner has incorrectly named "San Diego District Attorney" as Respondent. (*See* ECF No. 1 at 1.) In order for this Court to entertain the Petition filed in

this action, Petitioner must name the individual having custody of him as Respondent. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *see also Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968) ("The actual person who is [the] custodian [of the petitioner] must be the respondent.") Thus, the Petition is subject to dismissal for failure to name a proper Respondent.

## **FAILURE TO EXHAUST STATE COURT REMEDIES**

Upon review, it also does not appear state court remedies have been exhausted as to any of the enumerated claims in the Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,

they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Petitioner raises two enumerated claims for relief, a claim alleging prosecutorial misconduct and a claim alleging ineffective assistance of counsel. (*See* ECF No. 1 at 3-4.) In order to proceed on federal habeas, Petitioner must first exhaust the claims he wishes to present here in the California Supreme Court. Petitioner does not allege that he raised either of the two claims he wishes to present here in the California Supreme Court, and instead indicates he sought review in the state supreme court but that the issues raised in that court are "not known." (*See id.* at 5.) If Petitioner has raised his claims in the California Supreme Court, he must so specify.[2]

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because Petitioner has not exhausted state court remedies as to any of the enumerated claims in the Petition. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."), citing *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001).

---

[2] The Court notes that Petitioner was previously apprised of the need to exhaust state court remedies, as he filed a federal Petition in 2022 challenging his state court conviction and raising similar claims of error, which was also dismissed without prejudice for failure to exhaust state court remedies. (*See* ECF No. 31 in *Sanchez v. Cisneros, et al.*, S.D. Cal. Case No. 22cv1159-CAB-MDD) (Apr. 18, 2023, Order Denying Motion for Stay and Abeyance and Dismissing Petition Without Prejudice for Failure to Exhaust State Remedies).

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **MOTION TO APPOINT COUNSEL**

Petitioner has also filed a motion to appoint counsel to represent him in his federal habeas corpus proceeding. (ECF No. 2.) While district courts are provided with statutory authority to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require" pursuant to 18 U.S.C. § 3006A(a)(2)(b), the Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a

particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

While Petitioner asserts that he has "no access to resources" (ECF No. 2 at 1), he has not submitted any financial information in support of the instant motion, nor has he attempted to qualify to proceed in forma pauperis in this action. Nor has Petitioner shown that the circumstances of this case are such that appointed counsel is necessary or warranted at this time, particularly given the instant case is currently subject to dismissal. As such, the Court **DENIES** the motion without prejudice to renewing it at a later time.

## CONCLUSION AND ORDER

For the reasons discussed above, the instant habeas case is **DISMISSED** without prejudice and the Court **DENIES** Petitioner's motion to appoint counsel [ECF No. 2] without prejudice. If Petitioner wishes to reopen and proceed with this habeas case, he must submit, no later than **November 12, 2025**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. *The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application and a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order.*

**IT IS SO ORDERED.**

Dated: September 17, 2025

Hon. William Q. Hayes
United States District Court